# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-1531** (Hampshire County 08-F-32)

**Robert A. Crabill,**
**Defendant Below, Petitioner**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Crabill, by counsel Jonathan Brill, appeals the Circuit Court of Hampshire County's re-sentencing order entered on November 19, 2012. The State of West Virginia, by counsel Scott Johnson, filed its response. On appeal, petitioner alleges that the circuit court erred in denying his motion for the production of transcripts.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2008, petitioner was indicted on one count of breaking and entering and one count of grand larceny after petitioner and his co-defendants allegedly broke into a home and stole multiple power tools. Petitioner's first jury trial was held on July 11, 2008, and resulted in a mistrial after the jury failed to reach a unanimous verdict. In preparation for his second trial, petitioner filed a motion for the production of transcripts from the jury trial. The circuit court denied petitioner's motion by order entered on July 23, 2008. In denying petitioner's motion, the circuit court held that petitioner "[did] not meet the statutory requisites entitling him to a free transcript." However, the circuit court directed the court reporter to forward to petitioner's counsel a compact disc recording of the trial. Following his second jury trial, petitioner was found guilty on both counts. Petitioner was then sentenced to two consecutive terms of incarceration of one to ten years. Subsequently, petitioner was resentenced to afford him an opportunity to appeal his conviction by order entered on November 19, 2012. It is from this order that petitioner appeals.

This Court has held "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Petitioner argues that the circuit court erred in failing to provide him with a copy of his trial transcript, for the purpose of presenting an effective defense at his second trial. Specifically, petitioner argues that he was prevented from impeaching the State's witness. This Court has held that, "[u]nder the Equal Protection clause of the Fourteenth Amendment to the *Constitution of*

1

*the United States* the State must provide an indigent defendant with a transcript of prior proceedings resulting in a mistrial when that transcript is needed for an effective defense or appeal." Syl., *State v. England,* 178 W.Va. 648, 363 S.E.2d 725 (1987).

In *England,* this Court found that the circuit court's denial of Mr. England's transcript materially impeded his ability to proceed in his second trial and his due process rights were violated. This Court recognizes the two-prong standard set forth by the United States Supreme Court in *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed. 899 (1963), which examines "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same function as a transcript." *England*, 178 W.Va. at 650, 363 S.E.2d at 727.

Upon our review, the Court finds no error in the circuit court's decision to deny petitioner's motion for production of transcripts. In the present case, the Court declines to analyze the first factor in *Draper* because "'it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways . . . as a tool at the trial for the impeachment of prosecution witnesses.'" *Id.* at 651, 363 S.E.2d at 728 (*quoting Britt v. North Carolina*, 404 U.S. 226, 228 92 S.Ct. 431, 434 (1971)). As to the second factor set forth in *England* and *Draper*, this Court finds that petitioner was given an adequate alternative for the transcript in the first trial. Petitioner was given a compact disc recording of his first trial, which could have been used to impeach the State's witness. Nevertheless, after reviewing both transcripts, we conclude that any error was harmless beyond a reasonable doubt. The trial transcripts reveal that even if petitioner was given a copy, he would not have been able to impeach the State's witness because the witness's testimony was consistent as to who broke out the window.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II